Casandra Craven (Wyo. Bar #7-5664)
Longhorn Law, LLC
P.O. Box 1769
Cheyenne, Wyoming 82003
307-823-3062
ccraven.law@gmail.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

20?0 JUL 2? PM 1: 22

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

JOHN C. FRANK,
GRASSFIRE, LLC,

     Plaintiffs,

v.

ED BUCHANAN, Wyoming Secretary of State,
LEIGH ANN MANLOVE, Laramie County
District Attorney,
DEBRA LEE, Laramie County Clerk,
in their official capacities,

     Defendants.

_____/

CASE NO.   20 CV 138- F

---

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Plaintiffs John C. Frank and Grassfire, LLC, by their attorneys Casandra Craven of

Longhorn Law, LLC, and Benjamin Barr and Stephen Klein of Barr & Klein PLLC, bring this

action for declaratory and injunctive relief, and complain as follows:

### INTRODUCTION

1. Plaintiffs bring this suit to protect their rights to engage in free speech and petitioning as

protected under the First Amendment. Because Wyoming Statute section 22-26-113 makes it

illegal to engage in political speech and signature gathering near polling places and other

public buildings, Plaintiffs ask this Court to protect their rights by issuing declaratory and injunctive relief.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the First and Fourteenth Amendments to the Constitution of the United States. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the Civil Rights Act, 42 U.S.C. § 1983.

3.  This Court has jurisdiction to award attorneys' fees, in its discretion, in this action. 42 U.S.C. § 1988(b).

4.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)–(2) because Defendants reside in the District of Wyoming and all of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5.  Plaintiff John C. Frank is a resident of Cheyenne, Wyoming. He is a concerned citizen active in grassroots politics.

6.  Plaintiff Grassfire, LLC ("Grassfire") is a political consulting firm, registered as a limited liability company in Wyoming, that helps individuals and candidates reach the public with their message or campaign.

7.  Defendant Ed Buchanan is the Secretary of State of Wyoming. He is sued in his official capacity as the chief election officer for the state of Wyoming. Wyo. Stat. § 22-2-103. The Secretary is required to "maintain uniformity in the applications and operations of the election laws of Wyoming." *Id.* He is also charged with promulgating rules as may be necessary to administer the Wyoming Election Code. Wyo. Stat. § 22-2-121(b). He "may

refer any suspected violation of the Election Code to the appropriate prosecuting authority as provided in this section." Wyo. Stat. 22-26-121(d).

8. Defendant Leigh Anne Manlove is the Laramie County District Attorney. She is sued in her official capacity. She is charged with enforcement of criminal laws in Laramie County, including violations of Wyoming Statutes section 22-26-113. *See* Wyo. Stat. § 9-1-804.

9. Defendant Debra Lee is the Laramie County Clerk. She is sued in her official capacity. She is the chief election officer of Laramie County. *See* Wyo. Stat. § 22-2-103. She is charged with designating polling places in Laramie County. Wyo. Stat. § 22-12-101(a). She oversees judges of election at each Laramie County polling place, who in turn "have the duty and authority to preserve order at the polls by any necessary and suitable means." Wyo. Stat. § 22-13-103(a); *see also* Wyo. Stat. § 22-1-102(a)(viii).

## STATEMENT OF FACTS

10. Plaintiff John C. Frank is an American citizen interested in a plethora of political issues. Mr. Frank moved to Cheyenne in May of 2019. Previously, he was active in Colorado politics and elections. During 2006 and 2008, Frank volunteered on Colorado state representative David Balmer's campaign, engaged in door-to-door campaigning, and served as a Republican Party precinct leader. From 2006 through 2008, he raised funds for the Arapahoe County Republicans Lincoln Reagan Day Dinner.

11. Mr. Frank has grown concerned about the values and principles Republican candidates offer the American public. He wishes to display and share campaign material from U.S. Representative Liz Cheney, former U.S. Representative and U.S. Senate candidate Cynthia Lummis, and Rocky Case, candidate for Cheyenne City Council, Ward 3, during the upcoming August primary election and November general election within 100 yards (300

3

feet) of the entrance of his nearest polling place. He also desires to electioneer for other candidates in elections beyond 2020. As a new resident of Wyoming, he hopes to be able to communicate with the electorate of the state in a way that is inexpensive and effective— meeting people around polling places to discuss political candidates he believes in and sharing campaign literature.

12. At present, Mr. Frank's closest polling place is at 1400 East College Drive in Cheyenne, Wyoming—Laramie County Community College.

13. On August 18, 2020, the date of the Wyoming primary election and November 4, 2020 the date of the general election, Mr. Frank would like to stand on the sidewalks surrounding and on the campus of Laramie County Community College—within 100 yards (300 feet) of the public entrance of the Center for Conferences and Institutes (CCI) Building polling place—to display and hand out political campaign literature.[1] *See* **Exhibit 1**. Specifically, he would like to distribute campaign literature and pamphlets highlighting some of the issues sponsored by candidates he believes in, including the protection of private property and Second Amendment rights. He would also like to attach two bumper stickers on his automobile that advocate for candidate Liz Cheney that are larger than 4 inches in height and 16 inches in width.

14. Grassfire operates nationwide. Its services include signature gathering so candidates may qualify for the ballot, and gathering signatures for initiatives and referenda. *See generally* Wyo. Stat. §§ 22-24-301 *et seq.* (detailing signature gathering requirements for initiatives); 22-24-401 *et seq.* (detailing signature requirements for referenda); 22-4-402 (detailing

---

[1] Owing to concerns of the coronavirus, or COVID-19, Mr. Frank's polling place may change to a different location. *See generally* Exhibit 4 (noting current polling places for Laramie County). In that event, he would still electioneer at his closest polling place.

petition requirements for forming a new political party); 22-5-301 *et seq.* (detailing petition requirements for independent candidates). Grassfire has most recently engaged in signature gathering efforts for candidate elections in Colorado and Utah.

15. Grassfire believes that the fora surrounding polling places and public buildings are integral venues in which to engage citizens who are willing and able to sign petitions. This includes sidewalks surrounding courthouses, libraries, clerk's offices, and other public buildings.

16. One building around which Grassfire would gather signatures is the Laramie County Governmental Complex, located at 309 West 20th Street, Cheyenne, Wyoming. This building is on the same block and connected to the Historic Courthouse, located at 310 West 19th Street. The complex houses court rooms, the board room for the Laramie County Commission, the Laramie County Clerk's office, and other agencies.

17. Grassfire would like to offer its services in Wyoming to gather signatures for petitions for candidates, initiatives and referenda and for other forms of electoral advocacy. In Laramie County, these efforts would occur on the sidewalks adjacent to the public entrances to the Laramie County Governmental Complex on West 20th Street and Carey Avenue. *See* **Exhibit 2**.

18. Wyoming Statutes section 22-26-113 criminalizes electioneering too close to a polling place or absentee polling place when voting is being conducted. "Too close" means: (a) within 100 yards on the day of a primary, general, or special election or (b) within 100 feet on all other days of any public entrance to the building in which a polling place or absentee polling place is located. This establishes what is commonly referred to as a "no-political-speech buffer zone" around a polling place. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1043 (6th Cir. 2015).

19. Under Section 22-26-113, criminalized electioneering includes the display of campaign literature, soliciting signatures to any petition or the canvassing or polling of voters, but does not include exit polling by news media. The law also bans electioneering in the form of vehicle bumper stickers, except when: (a) there is only one bumper sticker per candidate per vehicle, (b) the stickers are no larger than four inches high by sixteen inches wide, and (c) the vehicle is parked only during the time the elector is voting. For nearby private properties falling within the reach of the buffer zone, electioneering in the form of campaign signs is also illegal.

20. "Polling place" under the law has been interpreted to include "the entire property" of a government facility in which voting is being conducted, including its parking lot. *See* Patrick Filbin, *Foster Friess asked to leave Cam-plex after he was seen campaigning*, GILLETTE NEWS RECORD, Aug. 21, 2018, *available at* https://www.gillettenewsrecord.com/news/local/article_2f044f61-767b-51b8-a460-964772eb0227.html (copy included as **Exhibit 3**).

21. The law's 100-foot buffer zone is limited to absentee polling places, meaning that "when voting is being conducted" includes absentee voting in the atrium of the Laramie County Governmental Complex. *Where Do I Vote?*, LARAMIE COUNTY CLERK https://elections.laramiecountyclerk.com/where-do-i-vote/ (last visited July 3, 2020) (copy included as **Exhibit 4**); *see* Wyo. Stat. § 22-9-125(a)(ii). Absentee voting begins 45 days before an election. Wyo. Stat. § 22-6-107(b). Thus, electioneering is prohibited within 100 feet of a public entrance to the complex 45 days before a primary, general or special election.

22. Knowing and willful violation of Section 22-26-113 is punishable as a misdemeanor with up to 6 months in county jail and a fine of up to $1,000. Wyo. Stat. § 22-26-112(a)(i).

23. The 100-yard (300 foot) Election Day buffer zone at the Laramie County Community College captures sidewalks and street areas located on East College Drive. *See* Exh. 1. Due to the operation of Section 22-26-113, Mr. Frank will refrain from sharing his political perspectives near polling places unless the law is declared unconstitutional and enjoined. He would do so well within the 300-foot electioneering ban if the law permitted it.

24. The 100-foot absentee polling place buffer zone captures the length of the sidewalks surrounding the Laramie County Government Complex "when [absentee] voting is being conducted" from about July 6, 2020 through August 17, 2020 and again from September 21, 2020 through November 2, 2020. *See* Exh. 2. Grassfire has not engaged in signature gathering in Wyoming due to the reach of Section 22-26-113. By covering 100 to 300 feet around the entrance of absentee polling places and polling places, respectively, the law makes signature gathering impracticable. Until this is remedied, Grassfire will not operate in Wyoming due to the effect of this ban. If the law is enjoined, Grassfire would like to offer its signature gathering services in the State of Wyoming not just on the dates of primary or general elections, but throughout election years. *See generally* **Exhibit 5**.

25. If Mr. Frank drives past the Laramie County Governmental Complex with two bumper stickers featuring the same candidate on his car when the 100-foot buffer zone is in effect, he will have committed a misdemeanor.

<u>**COUNT I**</u>

**The Electioneering Ban in Wyoming Statute Section 22-26-113 Violates the First and Fourteenth Amendments to the United States Constitution**

26. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. CONST. amend. I. The Fourteenth Amendment made the First Amendment

applicable to the states. U.S. CONST. amend. XIV; *see New York Times Co. v. Sullivan*, 376
U.S. 254, 277 (1964).

27. The First Amendment has its "fullest and most urgent application to speech uttered during a
campaign for political office." *Eu v. San Francisco Cty. Democratic Central Comm.*, 489
U.S. 214, 233 (1989) (internal quotations and citations omitted). The Supreme Court and
lower federal courts have consistently held that political speech near polling places is
protected under the First Amendment. *Burson v. Freeman*, 504 U.S. 191, 197 (1992).

28. Gathering signatures for petitions, referenda, or initiatives is protected as core political
speech under the First Amendment. *See, e.g., Meyer v. Grant*, 486 U.S. 414, 421–22 (1988);
*Independence Institute v. Gessler*, 936 F.Supp.2d 1256, 1274 (D. Colo. 2013).

29. Section 22-26-113 applies to speech occurring in traditional public fora—streets and places
held open to the public. Use of the "streets and public places has, from ancient times, been a
part of the privileges, immunities, rights, and liberties of citizens." *Hague v. CIO*, 307 U.S.
496, 515 (1939) (opinion of Roberts, J.); *see also Burson*, 504 U.S. at 196; *Verlo v. City and
County of Denver, Co.*, 741 F. App'x 534, 544 (10th Cir. 2018) ("public fora . . . is typically
reserved for public: (1) parks, (2) streets, and (3) sidewalks[.]").

30. The law in question is a content-based restriction of speech because it only applies to
electioneering, and excludes other categories of speech such as commercial solicitation. It is
also content-based because it permits exit polling by news media from and denies similar
protection for other political speech. The First Amendment is traditionally hostile to laws that
restrict speech related to an entire topic. *Burson*, 504 U.S. at 197.

31. Restrictions on electioneering activities are content-based restrictions on speech and must
survive strict scrutiny. *Burson*, 504 U.S. at 206; *Anderson v. Spear*, 356 F.3d 651, 656–67

(6th Cir. 2004). Strict scrutiny is the "most demanding test known to constitutional law." *City of Boerne v. Flores*, 521 U.S. 507, 534 (1997).

32. Only the prevention of corruption or intimidation are supportable government interests to uphold electioneering buffer zones. *Burson*, 504 U.S. at 198–99; *Anderson*, 356 F.3d at 660.

33. Legislative concerns over voter convenience are insufficient to diminish related First Amendment rights to engage in political speech near a polling place. *Anderson*, 356 F.3d at 660.

34. An electioneering buffer zone will satisfy review under the First Amendment if the "response is reasonable and does not significantly impinge on constitutionally protected rights." *Russell*, 784 F.3d at 1050–51.

35. In *Burson* the Supreme Court upheld a 100-foot buffer zone, but federal courts have routinely stricken those that are larger in reach due to their significant impingement of First Amendment rights. *See, e.g.*, *Anderson,* 356 F.3d at 656–67 (striking down a 500-foot buffer zone); *Russell*, 784 F.3d at 1053 (striking down a 300-foot buffer zone); *Calchera v. Procarione*, 805 F.Supp. 716, 720 (E.D. Wisc. 1992) (striking down a 500-foot buffer zone). Although the Tenth Circuit has not had the chance to examine the constitutionality of a "no-political-speech buffer zone" around a polling place, these holdings demonstrate that Wyoming Statutes section 22-26-113 is facially unconstitutional. *Russell*, 784 F.3d at 1043.

36. The areas surrounding polling places usually qualify as traditional public fora, held open to speech, where people debate, argue, and share political views with others. *Id.* at 1052. For Wyoming to uphold its unusually large electioneering buffer zone—one that is nine times larger in surface area than what the Supreme Court upheld in *Burson*—Wyoming must be

able to show it necessary to prevent fraud and corruption in the electoral process. *Id.* Given
the holdings previously cited, that appears impossible to do here.

37. Frank and Grassfire raise *jus tertii* claims of third parties not before this Court who should be
allowed to engage in First Amendment protected electioneering near polling places and
absentee polling places, including those who have the right to post political signs on their
property within a buffer zone, but who cannot due to the reach of Wyoming law. *See*
*Broadrick v. Oklahoma*, 413 U.S. 601, 611–12 (1973); Exh. 5.

38. Based on the facts alleged in this verified complaint, Section 22-26-113 is also
unconstitutional as applied to the Plaintiffs.

39. Plaintiffs acknowledge the outbreak of the Coronavirus or COVID-19. Plaintiffs would
conduct their speech and signature gathering in a manner that complies with applicable state
and local guidelines. Even during a pandemic, the First Amendment protects the right of
citizens to engage in political speech.

40. Both John C. Frank and Grassfire suffer injuries to their First Amendment rights. Mr. Frank
is deprived of the right of sharing his political convictions in the form of campaign literature
within 100 yards of the public entrance of polling places on the dates of primary or general
elections. Grassfire is deprived of its right to engage in signature gathering within 100 feet of
other government facilities in Wyoming throughout much more of the year. Only relief from
this Court can resolve this issue and remedy the Plaintiffs' injuries.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. A declaratory judgment that the 100-yard election day buffer zone in Wyo. Stat. § 22-26-113
is unconstitutional on its face and as applied.

10

2.  A declaratory judgment that the 100-foot absentee polling place buffer zone in Wyo. Stat. §
    22-26-113 is unconstitutional on its face and as applied.

3.  Preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 1983 against
    enforcement of Wyo. Stat. § 22-26-113.

4.  An order directing Secretary Buchanan to provide a copy of the injunction and judgment in
    this case to every county clerk in Wyoming.

5.  An order directing Secretary Buchanan to update the electronic version of the Election
    Division's 2020 Campaign Guide and future editions to reflect the injunction and judgment
    in this case, and to include them on the Election Center website at
    https://sos.wyo.gov/elections/ until Wyoming Statutes section 22-26-113 is amended by the
    Wyoming Legislature.

6.  Plaintiffs' reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988, or any
    applicable statute or authority, and further relief this Court may grant in its discretion.

7.  Any other relief that the Court deems just and appropriate.

Respectfully submitted,

/s/ Casandra Craven
Casandra Craven (Wyo. Bar #7-5664)
Longhorn Law, LLC
P.O. Box 1769
Cheyenne, Wyoming 82003
307-823-3062
ccraven.law@gmail.com

/s/ Benjamin Barr
Benjamin Barr (*pro hac vice* admission pending)
Barr & Klein PLLC
444 N. Michigan Ave. #1200
Chicago, Illinois 60611
202-595-4671
ben@barrklein.com

/s/ Stephen R. Klein
Stephen R. Klein (*pro hac vice* admission pending)
Barr & Klein PLLC
1629 K St. NW, Ste. 300
Washington, DC 20006
202-804-6676
steve@barrklein.com

Dated this 24th day of July, 2020

## GRASSFIRE, LLC VERIFICATION

I, Lee Vasche, declare as follows:

1.  I am a member of Grassfire, LLC.

2.  Grassfire, LLC is registered in Wyoming and its business address is 1910 Thomes Ave. Cheyenne, WY 82001-3527.

3.  I have personal knowledge of Grassfire's activities, including those set out in this Verified Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

4.  I verify under penalty of perjury under the laws of the United States of America that the factual statements contained in this Verified Complaint concerning my existing and proposed activities are true and correct.

Executed on July 2, 2020.

Lee Vasche on behalf of Grassfire, LLC

## JOHN C. FRANK VERIFICATION

I, John C. Frank, declare as follows:

1. I reside at 6916 Snowy River Road, Cheyenne, Wyoming 82001-9124.

2. I have personal knowledge of my activities, including those set out in this Verified Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements contained in this Verified Complaint concerning my existing and proposed activities are true and correct.

Executed on June 19, 2020.


John C. Frank