FILED

UNITED STATES DISTRICT COURT DISTRICT OF WYOMING

10:02 am, 7/9/24

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

JOHN C. FRANK,

Plaintiff,

vs.

CHARLES GRAY, Wyoming Secretary of State, SYLVIA HACKL, Laramie County District Attorney, DEBRA LEE, Laramie County Clerk, in their official capacities,

Defendants.

Case No. 2:20-CV-00138-KHR

**ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT VERIFIED COMPLAINT**

This case comes before the Court on remand from the Tenth Circuit Court of Appeals. Plaintiff John C. Frank sues Wyoming state and local officials under 42 U.S.C. § 1983, alleging the state's ban on electioneering near polling places violates the First Amendment. Grassfire, LLC originally challenged the buffer zones around absentee polling places, but it dissolved during the appeal's pendency and its claims were not considered. Mr. Frank now moves to supplement his Complaint under Rule 15(d) with allegations that he would like to engage in signature gathering and other one-on-one activities in both the election day and absentee voting buffer zones. Defendants oppose this

Motion on the grounds that it would create prejudice and undue delay. Plaintiff did not file a reply. Considering the arguments, the Court grants Plaintiff's Motion to Supplement.

## BACKGROUND

Plaintiffs John C. Frank and Grassfire, LLC sued various Wyoming state and local officials under § 1983 claiming the state electioneering statute violated the First Amendment. The statute prohibits:

> Electioneering too close to a polling place or absentee polling place under W.S. 22-9-125 when voting is being conducted, consists of any form of campaigning, including the display of campaign signs or distribution of campaign literature, the soliciting of signatures to any petition or the canvassing or polling of voters, except exit polling by news media, within one hundred (100) yards on the day of a primary, general or special election and within one hundred (100) feet on all other days, of any public entrance to the building in which the polling place is located. This section shall not apply to bumper stickers affixed to a vehicle while parked within or passing through the distance specified in this subsection, provided that: (i) There is only one (1) bumper sticker per candidate affixed to the vehicle; (ii) Bumper stickers are no larger than four (4) inches high by sixteen (16) inches long; and (iii) The vehicle is parked within the distance specified in this subsection only during the time the elector is voting.

Wyo. Stat. Ann. § 22-26-113. Mr. Frank specifically challenged the 300-foot[1] election day buffer zone on the grounds that it unconstitutionally prevented him from distributing campaign literature and displaying bumper stickers within the zone. He also challenged the statute on the basis of overbreadth for violations of the rights of third parties. Grassfire was a political consulting firm that provided, among other things, polling and signature gathering services to candidates. [ECF No. 1, at 2]. Grassfire challenged the 100-foot buffer

[1] While the statute uses the term "100-yard," this Order follows the Tenth Circuit and the pleadings in referring to the election day buffer zone as the "300-foot" zone.

zone that applies to absentee polling places, claiming it would not be able to participate in its desired activities of gathering signatures and engaging in one-on-one activity within the absentee buffer zones throughout the year. In the initial Complaint, Mr. Frank's only challenge to the absentee buffer zone was based on the prospect that he might inadvertently drive through it and that it would prevent him from displaying his desired bumper stickers.

On cross-motions to dismiss, this Court struck down the 300-foot election day buffer and the ban on bumper stickers within the election day and absentee buffer zones. This Court upheld the electioneering ban within 100 feet of absentee polling places. This Court held that there was an insufficient factual basis to hear Plaintiff's overbreadth claim.

Plaintiffs and Defendants both appealed. While the appeal was pending, Grassfire, LLC dissolved and was dismissed as a party. [ECF No. 101]. Grassfire's as-applied challenge to the 100-foot buffer zone was not addressed by the Tenth Circuit. The Tenth Circuit found that the 300-foot buffer zone, the prohibition of bumper stickers, and the election-day regulation were constitutional. The Tenth Circuit remanded to consider the constitutionality of the 100-foot absentee buffer zone. They also ruled that there was a sufficient factual basis to consider Plaintiff's overbreadth claim against the entire statute and remanded for that purpose. Plaintiff now seeks to supplement his complaint with additional allegations that would tend to strengthen his as-applied challenges to the statute. He alleges his desire to engage in one-on-one electioneering in both the absentee and election day buffer zones. He also claims that he would like to display multiple violating bumper stickers and intentionally drive through, and park within, the absentee buffer zone.

## RELEVANT LAW

The Federal Rules of Civil Procedure state that a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Rules thus give courts broad discretion in deciding whether to allow a party to serve a supplemental pleading that sets forth post-complaint transactions, occurrences, or events. *Id.*; *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (citing *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989)); *Reid v. Int'l Union, UAW, Dist. Lodge 1093*, 479 F.2d 517, 520 (10th Cir.), *cert. denied*, 414 U.S. 1076 (1973). Courts should liberally grant requests to supplement "unless good reason exists for denying leave, such as prejudice to the defendants." *Walker*, 240 F.3d at 1278 (citing *Gillihan*, 872 F.2d at 941. Thus, "[i]f the underlying facts or circumstances may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182–83 (1962). A non-exhaustive list of reasons to deny the motion includes undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to opposing party, or futility of the amendment. *Id.*; *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

## DISCUSSION

Defendants oppose Plaintiff's Motion to Supplement Verified Complaint on the grounds that it would result in prejudice and undue delay. The Court will address those

arguments, then consider if any other grounds exist that would justify denial of leave to supplement.

*I. Prejudice*

Defendants argue that allowing Plaintiff to supplement his complaint would result in prejudice because it would potentially necessitate additional discovery and force Defendants to prepare against a new claim. Plaintiff argues that because the factual allegations he seeks to include are similar to those previously urged by Grassfire, LLC, Defendants would be able to combat those claims in the same way. The Court agrees with Plaintiff.

Prejudice "[m]ost often…occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208; *see also Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no prejudice where the new claim "track[ed] the factual situation" in the original complaint). As Defendant points out, Plaintiff urges substantially similar facts to those originally brought by Grassfire. Like Grassfire, Mr. Frank seeks to engage in one-on-one electioneering within the absentee buffer zone. Grassfire's involvement did not cease until after the record was fully formed and the case was stayed for appeal. Defendants therefore had substantial notice of the challenge to the 100-foot buffer zone.

The Proposed Amended Complaint would not bring an entirely new claim even with respect to Mr. Frank, who previously challenged the 100-foot buffer zone based on the possibility that he might inadvertently drive through the zone while displaying prohibited bumper stickers. His new desire to engage in one-on-one electioneering and to intentionally

park within the buffer zone with the offending bumper stickers merely strengthens that challenge in a manner that is fully permissible. He alleges facts that fit within the Tenth Circuit's remand and that simply "enlarge…the type of relief" to which he is entitled, as is permitted under Rule 15(d). *Callen v. Wyoming Dep't of Corrections*, No. 13–CV–187, 2014 WL 12650683 at *2 (D. Wyo. 2014).

Defendants also refer vaguely to allegations that "appear to contradict Frank's sworn deposition testimony" as part of their potential need for new discovery but do not refer the Court to any specific part of the record. They also do not explain why these contradictions would create prejudice or undue delay. Furthermore, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylins v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). Without more, it is not apparent that Defendants would suffer prejudice from Plaintiff's proposed supplementation.

*II. Undue Delay*

Defendants contend that allowing Plaintiff to amend his complaint would result in undue delay by reopening discovery. However, the "undue delay" consideration is oriented toward timeliness, not delay *resulting* from the amended or supplemented pleading. *See Minter*, 451 F.3d at 1206 ("This Circuit…focuses primarily on the reasons for the delay."); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). Grassfire dissolved while the case was stayed pending appeal, and when the case was reopened Plaintiff brought this Motion to Supplement within a month of this Court's order to file any supplemental pleadings. It would be unfair for this Court to invite supplementation upon the reopening

of the case after remand, then deny a motion to supplement on the grounds that there was undue delay. The Court finds no undue delay in the Plaintiff's Motion.

*III. Bad faith*

Courts are also to consider if there is apparent bad faith when ruling on a motion to amend or supplement. *Minter*, 451 F.3d at 1204. In their Response, Defendants argue that "the only explanation for the additional activity related to absentee buffer zones appears to be that Grassfire is no longer a party to pursue those claims and that Frank wants to shift the focus of his challenge from the election-day buffer zone to the absentee day buffer zone based on the Tenth Circuit's decision." This Court interprets these arguments as opposition based on the grounds of bad faith, but the Court sees no obvious bad faith in Plaintiff's Motion. Again, Plaintiff does not create out of thin air some new legal basis for relief. While the fact that his newfound desire to engage in the described activities arises after multiple years of litigation may raise eyebrows, the Court is reluctant to attribute these assertions to bad faith absent direct evidence. Accordingly, the Court finds that bad faith does not bar Plaintiff's Motion.

*IV. Limited remand*

Defendants repeatedly argue that the Tenth Circuit gave only a limited remand and that Plaintiff's new allegations fall outside of the remand's bounds. The Court disagrees on both fronts. This Court interprets the Tenth Circuit's remand to be general, in light of the fact that there are no explicit limitations. *See U.S. v. West*, 646 F.3d 745, 749 (10th Cir. 2011) (citing *U.S. v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003)) (explaining that, under

Tenth Circuit precedent, there is a "presumption in favor of a general remand" and any limitation on the scope of remand must be explicitly established by the appellate court).

Even if the remand was limited in nature, Mr. Frank's new as-applied challenge to the absentee buffer zone does not fall outside of the Tenth Circuit's immediate mandate to "consider whether [the 100-foot] buffer zone passes constitutional muster." [ECF No. 94, at 64]. The Tenth Circuit vacated the District Court's judgment as to the constitutionality of the 100-foot buffer zone and did not address any challenges to the conduct prohibited within that zone. They ordered that "[t]he temporal scope of Wyoming's electioneering statute, as applied to the absentee voting period and the prohibited electioneering activities within that zone, including the ban on bumper stickers and signature gathering, should be considered by the district court on remand." *Id.* at 59. Plaintiff's desire to engage in one-on-one electioneering and deliberately display offending bumper stickers would fall squarely within this consideration. It is therefore entirely within the District Court's discretion to consider the new claims and to determine whether they should be admitted under the standard given in Rule 15(d).

## CONCLUSION

The Court grants Plaintiff's Motion to Supplement Verified Complaint. While it is true that Plaintiff could have made these factual allegations at the outset of these proceedings, it is not apparent that his doing so now comes out of bad faith or dilatory motive. Nor would this unfairly prejudice defendants by "moving the goalposts" or creating the need for excessive new discovery. Plaintiff does not seek to add new defendants or introduce novel, unrelated claims. His desire to participate in one-on-one electioneering

within the absentee buffer zones fits squarely within the subject matter of the original complaint and relates closely to the scope of the Tenth Circuit's concerns on remand. The addition of these facts does not change the nature of the suit or prejudice Defendants to the extent that Plaintiff's claims should not be heard. Given these considerations and the liberal standard for supplementing complaints, the Court grants Plaintiff's Motion.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion to Supplement Verified Complaint is GRANTED.

IT IS FURTHER ORDERED Plaintiff shall file an Amended Complaint on or before July 18th, 2024. Defendants shall respond 14 days later. The Parties shall then file simultaneous briefing, as earlier directed in ECF No. 107, on or before August 17th, 2024.

Dated this 9th day of July, 2024.

Kelly H. Rankin
United States District Judge